IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MILTON LEBLANC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 6019 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| MBI, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendant has filed a motion to bar the plaintiff from use of information relating to his December 2017 surgery under Fed.R. Civ.P. 37(c)(1). On September 6, 2018, the plaintiff was ordered to "immediately begin to produce any and all documents relating to his December 2017 surgery on a rolling basis." [Dkt. #123]. As of October 15, 2018, plaintiff had not complied with that order and was given until November 30, 2018 to produce "any and all documents relating to his December 2017 surgery." [Dkt. #134]. To date, two weeks after the deadline, plaintiff has produced only two email requests the plaintiff sent to unknown recipients – the facility's and doctors names were redacted – dated October 9, 2018 and November 23, 2018. That's unacceptable and precludes the defendant from being able to prepare for trial – let alone being able to complete discovery. After all, this case involves the extent of the damages claimed and suffered by the plaintiff. Without access to the information being withheld, the defendant cannot properly prepare his defense.

Plaintiff has responded to defendant's motion. Not by proper channels – filing his response with the court – but by mail to the courthouse. In it, plaintiff claims he need not have produced anything yet because he was told to do so on a rolling basis. He also claims that he sought to obtain

an alternate deadline from the defendant, but was rebuffed. And properly so. The plaintiff ignores the court-ordered deadline of November 30th, which has now been violated. Neither the plaintiff nor the defendant own the discovery schedule.

Plaintiff also claims that the medical facilities must comply with HIPAA. True, but there's no indication that this is the reason the doctors and medical facilities have not responded. That is what protective orders are for and in the nearly five years this motor vehicle accident case has been on the docket, or in the eight months since his surgery, plaintiff hasn't moved for such an Order, and hasn't even indicated that there was any confidentiality problem that precluded him from complying with his discovery obligations and the court's two Orders. It is well to recall that the defendant has admitted liability, and thus the whole case turns on damages allegedly suffered by the plaintiff. Having injected the issue of harm and medical treatment into the case, the plaintiff cannot preclude pretrial discovery into those matters. *See Schlagenhauf v. Holder*, 379 U.S. 104 (1964); *GAB Bus. Servs., Inc. v. Syndicate,* 627, 809 F.2d 755, 762, n.11 (11th Cir. 1987); *Mylan Pharm., Inc. v. Warner Chilcott Pub. Ltd. Co.*, 2013 WL 12149708, at *2 (E.D. Pa. 2013); *United Auto. Ins. Co. v. Veluchamy*, 747 F.Supp.2d 1021, 1029-1030 (N.D. Ill. 2010)(and cases cited); *Tolz v. Geico Gen. Ins. Co.*, 2010 WL 384745, at *2 (S.D. Fla. 2010).

Under Fed.R.Civ.P. 26(e), a party has to supplement his discovery responses in a timely manner when he learns his previous disclosure have become incomplete and/or when ordered by the court. Plaintiff knew his discovery production was incomplete when he had additional surgery in December 2017. He did nothing for eight months. He was then twice ordered to produce the evidence of his treatment by the court – in the end, by November 30th. He has failed to comply with these court Orders. Under Fed.R.Civ.P. 37(c)(1), when a party fails to supplement its discovery responses, "the party is not allowed to use that information or witness to supply evidence on a

motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." If there is no showing of justification or lack of harm, the sanction is mandatory. *Rossi v. City of Chicago*, 790 F.3d 729, 738 (7th Cir.2015); *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir.2004).

As just discussed, there is nothing to justify plaintiff's failure. He waited eight months before he even attempted to get the necessary information. He then ignored a court-ordered deadline. And should plaintiff rely on medical evidence that defendant has not had access to, there would clearly be substantial harm. Plaintiff is due to file a motion for summary judgment in a week – after two extensions of *that* deadline. If the December 2017 surgery is any part of it, the defendant is at an obvious disadvantage – to say the least.

Even *pro se* litigants must follow the rules and comply with court ordered deadlines. *Watford v. LaFond*, 725 F. App'x 412, 413 (7th Cir. 2018); *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012). If they don't, they may be subject to the harshest sanctions. *Watford v. LaFond*, 725 F. App'x 412, 413 (7th Cir. 2018)(district judge did not abuse his discretion in dismissing suit with prejudice when pro se litigant failed to comply with the court's orders); *Qualls v. Widnall*, 221 F.3d 1339 (7th Cir. 2000)(upholding dismissal of suit for failure to comply with discovery responsibilities). The plaintiff's failures here do not call for the harshest of sanctions yet. But, that sanction, dismissal of his case, is on the horizon should he continue to proceed in the fashion that he has.

It is certainly not as though the plaintiff has not been given a great deal of leeway in this case due to his *pro se* status. Plaintiff chose to file his case here and not in Virginia, where the accident occurred and where he resides. [Dkt, # 1]. Plaintiff chose to fire his lawyers and appear pro se early on in this case, [Dkt. #13]. He asked for an opportunity to file a motion to dismiss the suit here and

refile in Virginia, was granted that opportunity, and did not take advantage of it, failing to file anything. [Dkt. #20]. Given that he resides in Virginia, he has been allowed to appear by phone throughout this case although, at times, that has become more than difficult for the court. He has refused, time and again, to properly file motions and responses [Dkt. #63, 98, 111, 125, 126, 149], which he has sought to explain away claiming that it is due to his being in Virginia – which again was his choice – and some unspecified difficulty he has using the electronic filing system and problems with the U.S. Postal Service. [Dkt. # 149]. He filed a motion for summary judgment that could have been denied for failure to follow Local Rule 56.1, but he was given a month extension to file a properly compliant motion. [Dkt. #145]. He was then granted an additional two week extension. [Dkt. # 139]. He is at the point where he has just about used up all the leeway any litigant – *pro se* or not – can hope for.

Accordingly, the defendant's motion to bar evidence regarding the plaintiff's December 2017 surgery [Dkt. #143] is granted.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 12/11/18