# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MILTON LEBLANC,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff,　　　　)　　　No. 15 C 6019
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　　**Magistrate Judge Jeffrey Cole**
　　　　　　　　　　　　　　　　　)
MR. BULTS, INC., et al.,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendants.　　　)

## MEMORANDUM OPINION AND ORDER

The plaintiff has filed a motion for reconsideration of the February 8, 2019 Order striking his

motion for summary judgment. The Order said that the motion was being stricken for two reasons:

the statement of facts contained improper legal conclusions, argument, opinion, and inference; and

the motion and statement of facts referred to evidence barred by the court in a ruling dated December

11, 2019. [Dkt. # 172]. The plaintiff's motion, 16 pages long and much of it single-spaced – and

thus causing it to exceed by a good deal the 15 page limit on briefs in this district, *see* Local Rule

7.1, addresses a plethora of topics, drawing from the three-and-a-half-year history of this case. [Dkt.

#173]. It is, of course, difficult to sift through the motion for portions addressing these two bases

the court gave for striking the motion for summary judgment. But, it appears that plaintiff felt he

was barred from using the evidence of his surgery only at trial. [Dkt. # 173, at 13]. The Order

barring the materials, however, quoting Fed.R.Civ.P. 37(c)(1), clearly stated that plaintiff would not

be "allowed to use that information . . . *on a motion*, at a hearing, or at a trial . . . ." [Dkt. # 152, at

2-3]. *See also Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 931 (7th Cir. 2018)(evidence supporting

motion for summary judgment must be admissible at trial). As for the other basis, the plaintiff does

not appear to dispute that he included legal conclusions, argument, and opinion, in his statement of

facts in violation of Local Rule 56.1. *See Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 644 (7th Cir. 2008)(argumentative paragraphs violate the local rule); *Judson Atkinson Candies, Inc. v. Latini–Hohberger Dhimantec*, 529 F.3d 371, 382 n. 2 (7th Cir.2008) ("It is inappropriate to make legal arguments in a Rule 56.1 statement of facts."). Accordingly, the plaintiff's motion for reconsideration [Dkt. # 173] is denied. The plaintiff's Motion for Summary Judgment, supporting memorandum and Local Rule 56.1 statement of facts MUST COMPLY with the Local Rules that govern summary judgment submissions and proceedings.

Mr. Leblanc's rules-compliant motion for summary judgment, supporting memorandum and Local Rule 56.1 statement of facts remains due by March 7, 2019. As the Court of Appeals has repeatedly held, *pro se* status does not entitle one to disregard basic rules of proceeding. *See, e.g., Jenkins v. Miles,* 553 Fed.Appx. 638, 641 (7th Cir.2014)(plaintiff claimed illness and confusion); *Raven v. Madison Area Technical College,* 443 Fed.Appx. 210, 212 (7th Cir.2011); *S.E.C. v. Spadaccini,* 256 Fed.Appx. 794, 795, 2007 WL 3331536, at *1 (7th Cir.2007); *In re Chapman,* 67 Fed.Appx. 953, 956 (7th Cir.2003); *Brownlow v. Van Natta,* 2 Fed.Appx. 516, 519 (7th Cir.2001).

As the court said in *Welcher-Butler v. Brennan*, 619 F. App'x 550 (7th Cir. 2015), in upholding the district court's decision, "the district court has discretion to demand strict compliance with its local rules... *because even pro se litigants must follow these rules*...." (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)(emphasis supplied).

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 2/19/19

2